# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENEVA LEMA, | ) | 1:10-cv-02180 AWI GSA |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING DEFENDANT'S** |
| | ) | **EX PARTE APPLICATION FILED** |
| v. | ) | **JANUARY 3, 2012** |
| | ) | |
| CITY OF MODESTO, | ) | (Document 20) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 3, 2012, Defendant City of Modesto filed an Ex Parte Application for an Order Amending the Scheduling Order to Extend the Time for Designation of Expert Witnesses and Rule 26 Reports.  (Doc. 20.)

Local Rule 144(c) provides as follows:

> **Initial Ex Parte Extension.**  The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.  Except for one such initial extension, ex parte applications for extension of time are not ordinarily granted.

While defense counsel's affidavit explains why the requested extension is necessary - Plaintiff has not yet responded to discovery due December 7, 2011 - counsel has not sufficiently

explained the reasons why a stipulation could not reasonably be obtained.[1]  Specifically, while it appears Plaintiff's counsel was amenable to a stipulation, counsel for the defense apparently made no effort to obtain the stipulation until January 3, 2012, which is the deadline for disclosing experts.  (*See* Doc. 20-1, Ex. B.)  Given that Plaintiff's discovery responses were due in early December, yet Defendant had not yet received those responses, the Court is questioning why counsel waited until now to file.  Counsel is reminded of subdivision (d) of Local Rule 144, which provides, in pertinent part:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel . . . *as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.*

(Emphasis added.)

Accordingly, Defendant's *ex parte* application is DENIED.  Defendant may bring a motion to modify the scheduling order, or, the parties may file a stipulation addressing all relevant discovery deadlines recently discussed.


IT IS SO ORDERED.

Dated:   **January 5, 2012**                    /s/ **Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that it has previously accommodated requests of the parties regarding continuances of the initial scheduling conference.  (*See* Docs. 11, 14 & 17.)  This matter was pending nearly eight months before a Scheduling Order issued.  Repeated or piecemeal requests for extensions of time pertaining to discovery deadlines and pretrial deadlines will be viewed with disfavor.  In any event, good cause must be established in order for this Court to grant any motion or adopt any stipulation.