# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF MODESTO,<br><br>        Defendant. | 1:10-cv-02180 AWI GSA<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES, REQUESTS FOR PRODUCTION, AND AN ORDER DEEMING DEFENDANT'S REQUESTS FOR ADMISSIONS ADMITTED**<br><br>(Documents 22-24) |

## BACKGROUND

On January 4, 2012, Defendant City of Modesto filed a motion to compel responses to special interrogatories and requests for production, and further sought an order of this Court deeming its requests for admissions admitted against Plaintiff Geneva Lema.  (Docs. 22-24.)

On January 27, 2012, Defendant and Plaintiff, as directed, submitted their Joint Statement Re Discovery Dispute.  (Doc. 30.)

In the joint statement, Defendant alleged that Plaintiff failed to timely respond to its discovery requests, however, it is also noted that "just prior to the filing of the[] motion, Plaintiff's counsel sent Defense counsel Roy C. Santos, via email, courtesy PDF copies of

1

1    Plaintiff's responses . . .."[1]  (Doc. 30 at 4.)  Defendant asserts that, pursuant to Federal Rules of

2    Civil Procedure rule 36, its requests for admission should be deemed admitted as Plaintiff failed

3    to timely respond.  (Doc. 30 at 4.)  Defendant further noted in its joint statement that responses to

4    its special interrogatories had been received and, in light of Plaintiff's subsequent confirmation

5    that her responses were not limited by any objection, the motion as to this particular discovery

6    request was withdrawn.  (Doc. 30 at 4-5.)  Defendant does not separately address its requests for

7    production of documents in the joint statement.  Finally, Defendant seeks costs and fees it

8    incurred in filing the motion to compel.  (Doc. 30 at 5-6.)

9         Conversely, Plaintiff argues that Defendant is not seeking to compel any discovery, rather

10   it is only seeking an award of attorney fees because "it already had full discovery responses

11   (without objections) in hand, before filing of the motion."  (Doc. 30 at 7.)  More particularly,

12   Plaintiff's counsel contends that at some point in time after the initial extension was granted he

13   contacted defense counsel "by telephone seeking an open extension of time to answer discovery,"

14   and that defense counsel "agreed and stated 'take as much time as you need.'" (Doc. 30 at 7.)

15   Plaintiff's counsel declares that discovery responses were provided in electronic format at 1:59

16   p.m. on January 4, 2012, and also that hard copies were hand delivered at 4:07 p.m. on that same

17   date.[2]  The responses consisted of an eight-page response to the request for admissions, a twenty-

18   four page response to interrogatories, and a 1,094 page response to the requests for production.

19   (Doc. 30 at 7, ¶ 4.)  Plaintiff contends "there was absolutely <u>no</u> meet and confer" with Defendant

20   after she provided the discovery responses.  (Doc. 30 at 9-10.)

21

22
          [1]To the degree Defendant asserts it had not agreed to accept electronic service, it is directed to this Court's

23   Local Rule 135(g) which provides, in relevant part: "[c]ompletion of the registration form will permit electronic
     filing of documents and, unless an attorney opts out, will authorize acceptance of service by electronic means." Like

24   the Court in *Greenly v. Lee*, 2008 WL 298822 *1 (E.D. Cal. Feb. 1, 2008), this Court "finds that a reasonable
     reading of Local Rule []135(g) contemplates service of discovery responses via electronic means . . .." Because

25   counsel for Defendant has not opted out, he has authorized acceptance by electronic means.

26        [2]This Court's electronic filing system indicates Defendant's notice of motion was filed at 5:11 p.m. Pacific
     Standard Time on January 4, 2012; the points and authorities and related documents were filed at 5:14 p.m. and 6:36

27   p.m, respectively.

28                                                    2

1    Following submission of the parties' joint statement, this Court is left to decide the

2    following: (1) whether the admissions will be deemed admitted as against Plaintiff; and (2)

3    whether costs and fees will be awarded to Defendant.

4                                              **DISCUSSION**

5        The purpose of discovery is to make trial "less a game of blind man's bluff and more a

6    fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."

7    *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to

8    narrow and clarify the issues in dispute.  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

9        Rule 26 of the Federal Rules of Civil Procedure establishes the scope of discovery and

10   states in pertinent part:

11            Parties may obtain discovery regarding any matter, not privileged, that is
         relevant to the claim or defense of any party, including the existence, description,
12       nature, custody, condition, and location of any books, documents, or other
         tangible things and the identity and location of persons having knowledge of any
13       discoverable matter.  For good cause, the court may order discovery of any matter
         relevant to the subject matter involved in the action.  Relevant information need
14       not be admissible at trial if the discovery appears reasonably calculated to lead to
         the discovery of admissible evidence.

15       "The party who resists discovery has the burden to show that discovery should not be

16   allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v.*

17   *Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

18   *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

19   ***Requests for Admission***

20       As previously indicated, Defendant seeks an order of this Court deeming its requests for

21   admission admitted by Plaintiff.  Defendant propounded a total of thirty separate requests for

22   admission.  Rule 36 of the Federal Rules of Civil Procedure provides, in pertinent part, as

23   follows:

24       ***Time to Respond; Effect of Not Responding.***
         A matter is admitted unless, within 30 days after being served, the party to
25       whom the request is directed serves on the requesting party a written answer or
         objection addressed to the matter and signed by the party or its attorney.  A shorter

26

27

28                                                3

or longer time for responding may be stipulated to under Rule 29 or be ordered by
the court.

Fed. R. Civ. P. 36(a)(3).  Failure to timely respond to requests for admission results in automatic

admission of the matters requested as Federal Rule of Civil Procedure 36(a) is self executing.

*See Smith v. Pacific Bell Telephone Co., Inc.*, 662 F.Supp.2d 1199 (E.D. Cal. Aug. 12, 2009);

*DirectTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1187 (E.D. Cal. Dec. 12, 2005); Schwarzer,

Tashima & Wagstaffe, Fed.Civ.Proc. Before Trial at ¶¶ 811-12 (2002).

Here, the Court has before it two conflicting assertions with regard to any extension or

extensions of time given regarding the discovery at issue.  Simply stated, Defendant contends it

gave a single thirty-day extension of time whereby Plaintiff's responses became due no later than

December 7, 2011.  (Doc. 30 at 3.)  On the other hand, Plaintiff's counsel declares that at some

point after receiving the thirty-day extension of time, he and defense counsel spoke on the

telephone about "an open extension of time" because Plaintiff's counsel wished to "complete the

demand and manage expenses."  Plaintiff's counsel further declares that defense counsel agreed

to his request.  (Doc. 30 at 7.)  The Court has carefully reviewed the numerous exhibits attached

to Defendant's motion (Doc. 24), and, on this record, is unwilling to grant Defendant's request.

To do so would effectively eviscerate Plaintiff's action.  (*See* Doc. 24, Ex. E.)

In assessing the Plaintiff's failure to timely respond to the requests for admission

propounded by Defendant, the Court notes that there appears to be a complete failure of the

parties to meaningfully "meet and confer".  Local Rule 251(b) provides, in relevant part:

> Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P.
> 26 through 37, including any motion to exceed discovery limitations or motion for
> protective order, shall not be heard unless (1) the parties have conferred and
> attempted to resolve their differences, and (2) the parties have set forth their
> differences and the bases therefor in a Joint Statement re Discovery Disagreement.
> Counsel for all interested parties shall confer in advance of the filing of the
> motion or in advance of the hearing of the motion in a good faith effort to resolve
> the differences that are the subject of the motion. Counsel for the moving party or
> prospective moving party shall be responsible for arranging the conference, which
> shall be held at a time and place and in a manner mutually convenient to counsel.

1   A few email exchanges relating to disputed deadlines does not make for a meaningful meet and

2   confer or attempt to resolve differences.

3        Moreover, even assuming the admissions are admitted because they were untimely, this

4   Court would then construe Plaintiff's Factual and Legal Contentions within the Joint Statement

5   re Discovery Dispute to be a motion to withdraw or amend the matters admitted under Rule 36(a)

6   of the Federal Rules of Civil Procedure.  The Court may grant a Rule 36(b) motion if both of the

7   following factors are met: (1) the presentation of the merits of the action will be subserved, and

8   (2) the moving party fails to satisfy the Court that withdrawal or amendment will prejudice it in

9   maintaining the action or defense on the merits.  *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir.

10  2007).

11       "[T]he text of Rule 36(b) is permissive."  *Conlon v. U.S.*, 474 F.3d at 624.  Thus, even if

12  both factors in Rule 36(b) are satisfied, it is still within the Court's discretion to deny withdrawal.

13  *Id*. at 625.  The Court may consider other factors in deciding whether to grant or amend requests

14  for admissions, "including whether the moving party can show good cause for the delay and

15  whether the moving party appears to have a strong case on the merits." *Id*.   "The rule is not to be

16  used in an effort to 'harass the other side' or in the hope that a party's adversary will simply

17  concede essential elements."  *Id*. at 622, *citing Perez v. Miami–Dade County*, 297 F.3d 1255,

18  1268 (11th Cir . 2002).

19       The first factor is easily met. "The first half of the test in Rule 36(b) is satisfied when

20  upholding the admissions would practically eliminate any presentation of the merits of the case."

21  *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).  As previously noted, the thirty

22  separate requests for admission would eviscerate Plaintiff's case, thus eliminating any

23  presentation of the merits in this case.

24       By way of example, the first seven requests for admission would have Plaintiff admit that

25  the configuration of the routes of travel, entry points, paths of travel, skyway, pay kiosks and

26  public restrooms at the Ninth Street Parking Garage in Modesto, California, provided "full and

27

28                                              5

equal access to persons with disabilities" and that she "did not encounter any barriers" preventing

her from "experiencing and/or enjoying full and equal access" to the garage.  (Doc. 30, Ex. E at

2-3.)   The additional twenty-three requests serve to further limit the claims Plaintiff may

otherwise present.  Thus, the first factor of the test in Rule 36(b) is satisfied.

Under the second factor in Rule 36(b), Defendant must satisfy the Court that withdrawal

or amendment will prejudice it in maintaining the action on the merits.  As the *Conlon* court

stated:

> The prejudice contemplated by Rule 36(b) is not simply that the party who
> obtained the admission will now have to convince the factfinder of its truth.
> Rather, it relates to the difficulty a party may face in proving its case, e.g., caused
> by the unavailability of key witnesses, because of the sudden need to obtain
> evidence with respect to the questions previously deemed admitted.

*Conlon v. U.S.*, 474 F.3d at 622, internal quotation marks omitted.  Yet here, Defendant was in

possession of the responses before it  filed the motion, hence the Court is at a loss to conceive of

any prejudice to Defendant in maintaining the action on the merits at this stage of the

proceedings.

When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on

the prejudice that the nonmoving party would suffer at trial.  *See Sonoda v. Cabrera*, 255 F.3d

1035, 1039-40 (9th Cir. 2001) (holding, without further analysis, that the district court did not

abuse its discretion by granting the Rule 36(b) motion to withdraw deemed admissions because

the motion was made before trial and the nonmoving party would not have been hindered in

presenting its evidence); *Hadley*, 45 F.3d at 1348 (focusing the prejudice inquiry on the

unavailability of key witnesses and a sudden need to obtain evidence).  With this focus in mind,

Plaintiff would plainly be prejudiced because the admissions are so all encompassing that her

case would be effectively terminated on summary judgment.  What is more, the procedural

posture of this case will afford Defendant continued opportunities to present its evidence, absent

this admittance against Plaintiff.  Discovery remains open as of this date and the trial in this

matter is not scheduled until August 2012.  *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 868-69 (9th

1   Cir. 1985).

2           In accordance with the foregoing, this Court DENIES Defendant's request to deem its

3   requests for admissions admitted against Plaintiff.

4           ***Costs and Fees***

5           Additionally, Defendant seeks an order imposing "the costs and fees incurred by

6   Defendant against both Plaintiff and Plaintiff's counsel."  (Doc. 23 at 6-7.)  In his reply to

7   Plaintiff's opposition, defense counsel Roy C. Santos specifically seeks a total fees and costs

8   award of $1,485.00.  (Doc. 30-1.)

9           "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to

10  impose a wide range of sanctions when a party fails to comply with the rules of discovery or with

11  court orders enforcing those rules."  *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589

12  (9th Cir. 1983).  Pertinent here, Rule 37(a)(5)(A) provides that a "court must not order [payment

13  of expenses] if: (i) the movant filed the motion before attempting in good faith to obtain the

14  disclosure or discovery without court action . . .."

15          Defendant was actually in possession of the discovery, although the responses were

16  arguably untimely, *before* the motion was filed with this Court.  As noted earlier, the responses

17  were provided in both electronic and hard copy formats by 4:07 p.m. on January 4, 2012.

18  Moreover, because of the conflicting accounts regarding any extension or extensions of time

19  related to discovery, the Court cannot find that Plaintiff failed to comply with the rules of

20  discovery, nor a court order enforcing those rules.  Finally, as previously indicated, the Court has

21  determined that there was no meaningful "meet and confer" prior to the filing of the motion, and

22  therefore finds another ground upon which the Court elects to deny an award of costs and fees

23  (see, Fed.R.Civ.P.37(a)(5) .

24          Both parties are encouraged to deal cooperatively with one another, and in the future,

25  both parties are encouraged to maintain written confirmation of any agreement in order to avoid

26  future misunderstandings.

27

28                                                          7

1    In sum, this Court DENIES Defendant's request for an award of costs and fees related to

2    the instant motion.

3

4                                   **CONCLUSION**

5    For the foregoing reasons, Defendant's motion to compel responses to special

6    interrogatories, requests for production of documents and requests for admissions is DENIED as

7    moot.  Further, Defendant's related request that the request for admissions be deemed admitted is

8    DENIED.  Finally, Defendant's request for an award of costs and fees is DENIED.

9

10

11    IT IS SO ORDERED.

12    **Dated:    February 8, 2012**          _____ /s/ **Gary S. Austin** _____
                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   8