# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MODESTO,<br><br>    Defendant. | 1:10-cv-02180 AWI GSA<br><br>**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME WITHIN WHICH TO HEAR DEFENDANT'S MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**<br><br>(Document 39) |

      On March 5, 2012, Defendant City of Modesto ("Defendant") filed its Ex Parte Application for an Order Shortening Time to Hear Defendant's Motion to Compel Responses to their Special Interrogatories, Set One.  In particular, Defendant claims that Plaintiff's responses and/or supplemental responses to certain interrogatories were incomplete.  Defendant claims good cause exists for an order shortening time because: (1) despite serving the discovery requests on October 4, 2011, Plaintiff Geneva Lema ("Plaintiff") continues to refuse to provide full and complete responses; (2) the deadline for filing dispositive motions is fast approaching and the responses are necessary to evaluate the necessity of filing a motion for summary judgment; and (3) the non expert discovery deadline is set to expire March 15, 2012.  (Doc. 39.)

## DISCUSSION

Local Rule 144 pertains to extending and shortening time. Pertinent here, subdivision (e) provides as follows:

> **Shortening Time**. Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. <u>Ex parte</u> applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation of the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

Here, a close review of the application reveals good cause has not been established.

Defendant's first good cause assertion relates to Plaintiff's continued refusal "to provide full and complete responses" to its first set of special interrogatories. Defense counsel's declaration provides copies of his February 10 and February 21 meet and confer letters directed to Plaintiff's counsel. (Doc. 39-1, Exs. A & B.) However, the Court was not provided with any of the responses by Plaintiff, supplemental or otherwise. Therefore, the Court cannot determine whether or not Plaintiff appropriately responded.

Defendant's second good cause assertion regarding the forthcoming April 15 deadline for filing dispositive motions is well taken. Nevertheless, an ex parte order shortening time is not the only recourse available to Defendant. Rather, Defendant can file a motion to compel accompanied by a motion to modify the scheduling order on this basis. Shortened time is reserved for the rare occasion where other options are unavailable.

Defendant's third good cause assertion regarding the dates set aside for the pretrial conference and trial is not persuasive for the same reason given above.

//
//
//

In sum, Defendant has not provided a satisfactory explanation for the need for an order shortening time, nor has defense counsel addressed his failure to obtain a stipulation from opposing counsel.[1]

**CONCLUSION**

Defendant's ex parte application for an order shortening time is DENIED.  Defendant is advised that it may wish to proceed with a regularly noticed motion to compel accompanied by a motion to modify the scheduling order.

As an aside, Plaintiff is advised that the Court will be displeased with any responses that are in fact found to be incomplete.  While this Court's order of February 9, 2012, did not expressly address these special interrogatories in light of Defendant's withdrawal of the motion on that basis (*see* Doc. 38 at 2), the Court is well aware of ongoing discovery issues between these parties and the delay involved.

Both parties are cautioned that this Court will consider imposing monetary or other appropriate sanctions in the event it finds any party's effort to meet its discovery obligations is disingenuous or is the result of gamesmanship.

IT IS SO ORDERED.

Dated:   **March 6, 2012**                    /s/ **Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Although no longer relevant in light of the Court's determination here, it is also noted that Defendant did not provide and/or file a proposed order with its application.

3